IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INDEPENDENCE MENLO HOTEL OWNER, LLC,<br><br>　　　　Defendant. | Case No. 21-cv-03291-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Before the Court is defendant Independence Menlo Hotel Owner, LLC's ("Independence") motion, filed July 12, 2021, to dismiss plaintiff Brian Whitaker's ("Whitaker") First Amended Complaint ("FAC"). Whitaker has filed opposition, to which Independence has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

Whitaker, a quadriplegic who uses a wheelchair for mobility, alleges that, in April 2021, he visited Hotel Nia ("Hotel"), located at 200 Independence Dr., Menlo Park, California, "with the intention to avail himself of its goods or services." (See First Am. Compl. ("FAC") ¶¶ 1, 10.) Whitaker alleges Independence owns the Hotel. (See id. ¶¶ 4-5.)

According to Whitaker, "on the date of [his] visit," the Hotel "failed to provide wheelchair accessible transaction counters." (See FAC ¶ 12.) In particular, Whitaker alleges, although "there was a lowered portion of the counter, transactions necessarily

---

[1] By order filed August 16, 2021, the Court took the matter under submission.

take place above the higher counter where the point-of-sale machines were fixed and located," and that he "ha[d] to conduct his transaction at the higher counter when he used the point-of-sale machine for customer use." (See id. ¶ 14.) Whitaker further alleges "[t]he lack of an accessible point-of-sale device made it difficult for [him] to reach the device and read the screen." (See id. ¶ 15.)

Based on the above allegations, Whitaker asserts a federal claim alleging "Violation of the Americans with Disabilities Act of 1990 [ADA]," and a state law claim alleging "Violation of the Unruh Civil Rights Act." He seeks both monetary and injunctive relief.

## DISCUSSION

By the instant motion, Independence seeks dismissal of the FAC in its entirety on grounds of lack of standing and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. The Court addresses each asserted basis for dismissal, in turn.

**A.  Standing**

  **1.  Legal Standard**

Under Rule 12(b)(1), "jurisdictional attacks can be either facial or factual." See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." See id. In resolving a factual attack on jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," and "[t]he court need not presume the truthfulness of the plaintiff's allegations." See id.

Dismissal under Rule 12(b)(1) can be based on a plaintiff's lack of Article III standing. See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). To establish such standing, a plaintiff must show he "(1) suffered an injury in fact, (2) that is fairly

traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The injury in fact must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." See D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1036 (9th Cir. 2008) (internal quotation and citation omitted).

In addition, where, as here, a plaintiff seeks injunctive relief, the actual or imminent requirement "may only be satisfied where [the] plaintiff demonstrates a sufficient likelihood that he will again be wronged in a similar way[,] [t]hat is, he must establish a real and immediate threat of repeated injury." See D'Lil, 538 F.3d at 1036-37 (internal quotations and citation omitted).

**2. Application**

By the instant motion, Independence raises a challenge based solely on the first of the above-referenced elements, arguing Whitaker has failed to show he suffered a cognizable injury, i.e., a concrete and particularized, as well as actual or imminent, injury.

In that regard, Independence first states it is "making a factual challenge to standing." (See Mem. in Supp. of Mot. to Dismiss at 6:9-14.) In particular, Independence asserts, Whitaker "ignores the availability of the lower ADA-accessible portion of the counter he chose not to use" (see Mem. in Supp. of Mot. to Dismiss at 13:21-26) and, in support thereof, has submitted a declaration from one of its employees, who states the Hotel "keep[s] a credit card point-of-sale machine ready at all times to assist disabled guests who choose to complete their transaction at the lowered wheelchair accessible area" (see Decl. of Tim Fiodan ¶ 5). In other words, Independence is, in essence, contending the Court should find there was no violation of the ADA.

At this stage of the proceedings, however, where "the jurisdictional issue and substantive issues in th[e] case are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits," resolution of the jurisdictional issue requires converting the motion to dismiss into a motion for summary judgment, see Safe Air for Everyone, 373 F.3d at 1040, which, in this instance, the Court

3

declines to do, see, e.g., Johnson v. Garden Court Inn LLC, No. 21-cv-01546-HSG, 2021 WL 3209721, at *1-2 (N.D. Cal. July 29, 2021) (denying 12(b)(1) motion to dismiss where defendant argued hotel complied with ADA; declining to "decide the merits of [p]laintiff's case at the motion to dismiss stage"). Indeed, Independence, in its Reply, appears to abandon, or at least supplement, its factual challenge to jurisdiction by asserting a facial challenge. (See Reply at 7:14-8:3 (arguing allegations in FAC are insufficient to establish injury in fact).) The Court thus turns to the sufficiency of the allegations in the FAC.

To support a finding of injury, Whitaker alleges he "uses a wheelchair for mobility" and that he "went to the Hotel," where he personally encountered a barrier related to his disability, namely, the Hotel's "fail[ure] to provide any wheelchair accessible transaction counters." (See FAC ¶¶ 1, 10, 13.) Essentially the same allegations have been found "sufficient to establish injury-in-fact for purposes of standing." See Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1179 (9th Cir. 2021) [hereinafter "Tesla Motors"]; see also, e.g., Whitaker v. Panama Joes Invs. LLC, 840 F. App'x 961, 963 (9th Cir. 2021) [hereinafter "Panama Joes"] (holding, "[a]llegations that a plaintiff suffered discrimination because he confronted at least one specific barrier relating to his disability satisfy the requirement to show a concrete and particularized injury for standing to pursue an ADA claim").

Next, to obtain injunctive relief, a plaintiff, as noted, "must establish a real and immediate threat of repeated injury." See D'Lil, 538 F.3d at 1036-37 (internal quotation and citation omitted). An ADA plaintiff can establish such injury by showing either that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier," or that "discriminatory architectural barriers deter him from returning to a noncompliant accommodation." See Chapman v. Pier 1 Imps. (U.S.) Inc., 631 F.3d 939, 950 (9th Cir. 2011). Here, Whitaker relies solely on the latter, and Independence argues Whitaker has failed to allege facts sufficient to show his intent to return to the Hotel "is not merely hypothetical." (See Mem. in Supp. of Mot. to Dismiss at 20:17-19.)

In so arguing, Independence, initially relying on its factual challenge, submits a "PACER report[2] listing cases filed by Whitaker." (See Def.'s Req. for Judicial Notice ("RJN") at 1:2-3; see also id. Ex. 1.)[3] Independence does not, however, explain the significance of such compilation, and, in any event, Whitaker, in response thereto, has submitted a declaration averring that, notwithstanding the alleged ADA violations he encountered on his April 2021 visit, he went ahead with the registration, "rented a room," and "would like to stay at the Hotel again as [he] frequently travel[s] to the Bay Area and the Hotel is conveniently located for [him]" (see Decl. of Brian Whitaker ("Whitaker Decl.") ¶¶ 3-4, 7-10).

Although Independence also appears to raise a facial challenge, that challenge likewise is unavailing. In particular, citing five district court cases decided on facts different than those presented here, Independence argues "[i]t is . . . not enough to say [a] [p]laintiff is 'deterred'" without "plead[ing] why he wants to stay at th[e] specific hotel." (See Mem. in Supp. of Mot. to Dismiss at 20:17-19 (emphasis omitted) (citing cases); see also Reply at 8:21-9:6 (citing cases).) Recently, however, in two cases filed by Whitaker in which he sought injunctive relief, see Tesla Motors, 985 F.3d at 1174; Compl., Prayer ¶ 1, Whitaker v. Panama Joes Invs. LLC, No. 19-cv-09676-DSF-SS (C.D. Cal. Nov. 12, 2019), the Ninth Circuit found allegations that, as noted above, were essentially the same as those here, sufficient for purposes of pleading standing for such relief, see Tesla Motors, 985 F.3d at 1174, 1179 (finding, in case against car dealership, allegations sufficient, where Whitaker alleged "he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning"); Panama

---

[2] "PACER" is an acronym for "Public Access to Court Electronic Records." See https://pacer.uscourts.gov/.

[3] The Court hereby GRANTS Independence's unopposed Request for Judicial Notice of the above-cited exhibit. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding courts "may take judicial notice of court filings and other matters of public record").

1  Joes, 840 F. App'x at 963 (finding, in case against restaurant, allegations sufficient,

2  where Whitaker "alleged that he encountered a discriminatory barrier, that he intends to

3  return to the restaurant to avail himself of its services and determine if it complies with the

4  ADA, and that he is currently deterred from doing so because of the barrier he

5  encountered").[4]

6  Accordingly, at this stage of the proceedings, Independence has failed to show the

7  instant action is subject to dismissal for lack of standing.

**B.   Failure to State a Claim**

   **1.   Legal Standard**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted

---

[4] The Court acknowledges that an individual's ability to return to a given number of business establishments within a reasonable timeframe may depend, in part, on the nature of the business. Resolution of that issue, however, ordinarily is more appropriate for a later stage of the proceedings.

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

### 2. Application

As noted, Independence argues both Causes of Action are subject to dismissal for failure to state a claim.  The Court next considers each Cause of Action, in turn.

#### a. First Cause of Action

In the First Cause of Action, Whitaker alleges Independence violated the ADA by "fail[ing] to provide any wheelchair accessible transaction counters." (See FAC ¶¶ 13, 30.)  In particular, Whitaker alleges, the Hotel failed to provide an "accessible point-of-sale device" at the lowered portion of the Hotel's transaction counter, and, consequently, the Hotel "failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities" and also "failed to have a policy where an accessible point-of-sale machine was offered to disabled customers." (See id. ¶¶ 15, 21-22; see also id. ¶¶ 13-14, 32-33.)

Pursuant to Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  See 42 U.S.C. § 12182(a).  "Discrimination," in turn, includes, inter alia, a "failure to remove architectural barriers" and a "fail[ure] to make a requested reasonable modification" to "a discriminatory policy or practice" where such modification is "necessary to accommodate the plaintiff's disability."  See Karczewski v. DCH Mission Valley LLC, 862 F.3d 1006, 1009-10 (9th Cir. 2017) (internal quotations and citations omitted).  In addition, the regulations implementing Title III of the ADA require public accommodations to "maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities."  See 28 C.F.R.

§ 36.211(a). "Whether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines ('ADAAG')," which "lay out the technical structural requirements of places of public accommodation." See Chapman, 631 F.3d at 945.

Here, as to the First Cause of Action, Independence contends (1) Whitaker "[c]oncedes" that the Hotel's lowered transaction counter complies with the ADAAG (see Mem. in Supp. of Mot. to Dismiss at 7:2-3); (2) Whitaker failed to allege he "requested a modification of any Hotel policy" (see id. at 9:15-17); and (3) Whitaker failed to identify "any element of the Hotel's accessibility features that were not maintained in 'operable working condition'" (see id. at 11:25-27).

In response, Whitaker acknowledges "the Hotel did have an accessible lowered counter at the time of [his] visit," but argues that, "[b]y failing to offer a [point-of-sale machine] at the lowered counter, [Independence] did not maintain the lowered counter as accessible." (See Opp. at 8:19-26 (citing 28 C.F.R. § 36.211(a)).)[5]

To the extent Whitaker, in so arguing, relies on the above-referenced declaration, however, such evidence cannot be considered in connection with a motion to dismiss under Rule 12(b)(6). See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (holding, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint" (emphasis omitted)). Consequently, at this stage of the proceedings, the Court considers only the sufficiency of the allegations in the FAC.[6]

In that regard, Whitaker's allegation that "transactions necessarily take place above the higher counter where the point-of-sale machines were fixed and located" (see

---

[5] In his Opposition, Whitaker does not address Independence's argument that he failed to allege he requested a modification of any Hotel policy and, consequently, concedes he has failed to allege an ADA claim based on a discriminatory policy or practice. See Karczewski, 862 F.3d at 1010; see also Qureshi v. Countrywide Home Loans, Inc., No. C09-4198 SBA, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (construing plaintiff's failure to address, in opposition brief, claims challenged in motion to dismiss as "an abandonment of those claims" (citing Jenkins v. Cnty. of Riverside, 398 F.3d 1093, 1095 n.4)).

[6] The Court makes no determination as to whether Whitaker's statements in his declaration, had they been alleged in the FAC, would be sufficient to state a claim.

8

FAC ¶ 14) is, without any supporting factual allegations, wholly conclusory in nature and thus does not suffice to support his claim under the ADA.  See Iqbal, 556 U.S. at 678.  Nor does his allegation that Independence "did not offer any accessible alternative to [him], such as a point-of-sale machine within compliant reach ranges, even though it is obvious that he is in a wheelchair" (see FAC ¶ 14) serve to remedy the deficiency, as Whitaker fails to cite to any statute or other authority in support of his assumption that the Hotel must, unprompted, offer a point-of-sale machine to a customer based solely on a visible disability.  Indeed, as Independence points out, and Whitaker does not dispute, the ADAAG does not contain any guidance as to the offering or placement of such machines.

Lastly, although the DOJ's published Analysis and Commentary regarding the ADAAG states accessible service counters must "provide an equivalent level of service as that provided to all customers," see 28 C.F.R. Pt. 36, App. B, there is no indication an "equivalent level of service" would not include, for example, offering a portable point-of-sale machine at the accessible counter upon request or offering to complete the transaction for the customer, such that, as is often the case, the customer's use of a point-of-sale machine is unnecessary.

Accordingly, the First Cause of Action is subject to dismissal.

### b.    Second Cause of Action

In the Second Cause of Action, Whitaker alleges Independence violated the Unruh Civil Rights Act "by . . . denying, or aiding, or inciting the denial of, [his] rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered." (See FAC ¶ 36.)

As Independence points out, the Court's jurisdiction over the Second Cause of Action is supplemental in nature, and where, as here, a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction.  See 28 U.S.C. § 1367(c)(3).  In this instance, given the early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the Second Cause of Action

in the absence of a viable federal claim asserted in the First Cause of Action.

Accordingly, the Second Cause of Action will be dismissed.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss is hereby GRANTED and the FAC is DISMISSED.  Whitaker is, however, hereby afforded leave to amend to cure the deficiencies noted.  Should Whitaker wish to file a Second Amended Complaint, he shall do so no later than September 17, 2021.

**IT IS SO ORDERED.**

Dated: August 23, 2021

MAXINE M. CHESNEY
United States District Judge